{¶ 1} Plaintiff-appellant, Admiral Holdings, LLC, appeals the judgment of the trial court denying its motion for summary judgment and granting the motion for summary judgment of defendant-appellee, Louis Adamany. For the reasons set forth below, we affirm.
 {¶ 2} The record demonstrates that four individuals — Adamany, Ronald Mikles, William Duwe and William Liotta — formed Admiral Holdings. Admiral Holdings was to rent space to the members' respective businesses: Mikles, Duwe and Adamany had previously formed Business on the Move, LLC; Mikles, Duwe and Liotta had previously formed Architectural Floors, LLC; and Mikles, Duwe and Liotta had previously formed Working Office, LLC.
 {¶ 3} The members executed an Operating Agreement on August 11, 2004. Pursuant to the agreement, each member was to contribute $50,000 as an initial capital contribution. Adamany borrowed his $50,000 contribution from Working Office and agreed that the money would be repaid to Working Office from distributions made by Business on the Move. Admiral Holdings acknowledges that it received Adamany's full contribution from Working Office.
 {¶ 4} Admiral Holdings attempted to collect repayment of the $50,000 from Adamany. Adamany did not pay Admiral Holdings, and Admiral Holdings filed a complaint against Adamany for rescission of the Agreement or, in the alternative, for damages. The parties filed cross-motions for summary judgment. The court granted Adamany's motion and denied Admiral Holdings' motion. In its sole assignment of error, Admiral Holdings contends that the trial court erred in its rulings on the parties' motions for summary judgment.
 {¶ 5} In reviewing a summary judgment motion, we review the judgment independently and without deference to the trial court's determination. See Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988),42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when it has been established that (1) that there is no genuine issue of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46. See, also, Civ. R. 56(C).
 {¶ 6} "`Rescission' amounts to the unmaking of a contract, an undoing of it from the beginning, and not merely a termination * * * ." Blacks Law Dictionary (5 Ed. Rev. 1979), 1174. For a court to find grounds to order the equitable remedy of rescission, it must determine the existence of a breach so substantial and fundamental as to go to the root of the contract. Schneble v. U.S. (S.D.Ohio 1985), 614 F.Supp 78, 83. Generally, without fraud, duress, undue influence, or mistake, one party to a contract cannot rescind or cancel it without the consent of the other party. 18 Ohio Jurisprudence 3d (1980) 219, Contracts, Section 296.
 {¶ 7} Upon review, it is undisputed that Admiral Holdings received Adamany's capital contribution in full from Working Office. Thus, Admiral Holdings is not entitled to rescind the contract or collect damages from Adamany due to his failure to repay the loan to others.[1]
 {¶ 8} Accordingly, Admiral Holdings' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
FRANK D. CELEBREZZE, JR., P.J., and JAMES J. SWEENEY, J., CONCUR
[1] Working Office, Mikles, Duwe and Liotta have filed a complaint for declaratory judgment and damages against Adamany which is presently pending in Common Pleas Court. Working Office v. Adamany, Case No. CV-06-590075.