KOTT, Appellant,

v.

GLENEAGLES PROFESSIONAL BUILDERS AND
REMODELERS, INC., et al., Appellees.

[Cite as *Kott v. Gleneagles Professional Builders & Remodelers,
Inc.*, 197 Ohio App.3d 699, 2012-Ohio-287.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–11–1078.

Decided Jan. 27, 2012.

700

Charles D. Niehaus, Christopher E. Hohenberger, and Stephen D. Nitschke, for appellant.

Thomas W. Heintschel, for appellees.

SINGER, Presiding Judge.

{¶ 1} Appellant appeals a summary judgment awarded in the Lucas County Court of Common Pleas to building contractors in a dispute over the construction of a new home. For the reasons that follow, we affirm.

{¶ 2} On March 9, 2007, appellant, Michael Edward Kott, purchased a lot in the Shadow Woods Development in Lucas County. Concurrently, appellant executed a construction agreement with appellee Shadow Woods Builders, L.L.C., for construction of a single-family home on the Shadow Woods lot. A subsequent identical contract was executed with appellee Gleneagles Professional Builders & Remodelers, Inc., apparently at appellant's request. Shadow Woods Builders and Gleneagles are both construction companies whose principal is Gary Grup.

{¶ 3} On February 20, 2009, appellant sued appellees, complaining of delays in construction, defects in the finished product, and removal of topsoil without appellant's permission. Appellant alleged breach of contract, unjust enrichment, fraud, and conversion. Appellees responded, denying appellant's allegations and asserting a counterclaim on an unpaid account.

{¶ 4} Appellant filed an amended complaint on June 11, 2009, adding the corporations' principal, Gary Grup, as a defendant, reiterating his allegations of substandard performance, adding an allegation of a violation of the Consumer Sales Practices Act, and requesting that appellees be ordered to install an allegedly omitted fence.

{¶ 5} Appellant dismissed Grup from the proceedings without prejudice. Appellees' counterclaim was decided in their favor on a partial summary judgment and is not at issue here. Following discovery, the matter was submitted to the court on appellant's partial motion for summary judgment on contract breach for exceeding the agreed building-cost ceiling and appellees' motion for summary judgment on all counts.

{¶ 6} The trial court denied appellant's motion for partial summary judgment, concluding that because there was no reference in appellant's amended complaint going to a cost ceiling, such a cause was not properly pled and could not form the basis for a partial summary judgment. With respect to alleged defective workmanship, the court found controlling a contract clause that deemed early occupation of the property prior to full payment as "complete acceptance" of the work. The presence of a written contract also negated the unjust-enrichment,

fraud, and conversion claims, the court concluded. The topsoil-conversion claim failed for want of admissible evidence that the topsoil was removed without appellant's permission or converted to appellees' use. Likewise, the court concluded that appellant had presented no evidence supporting a violation of R.C. 1345.02(B)(1) through (10), the Consumer Sales Practices Act. The court also denied appellant's request for an order to construct a fence, noting an absence of evidence supporting the claim. On these conclusions, the court found that there was no dispute of fact and that appellees were entitled to judgment as a matter of law.

{¶ 7} From this judgment, appellant brings this appeal. Appellant sets forth the following two assignments of error:

First Assignment of Error

The lower court erred in dismissing Appellant's Ohio Consumer Sales Practices Act and Breach of Contract Claims based upon alleged pleading deficiencies.

Second Assignment of Error

The lower court erroneously interpreted provisions of the Parties' contract and its holding requires reversal and remand for further consideration.

{¶ 8} We shall discuss appellant's assignments of error together.

{¶ 9} Appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (1989). The motion may be granted only when it is demonstrated:

(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one that would affect the outcome of the suit under the applicable substantive

law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶ 11} The parties entered into a contract, actually two contracts, for the construction of a single-family residential home. The contracts provided that appellees would manage construction of the project for $30,000 and "cost plus * * * not to exceed a building cost of $225,000.00." Appellees warranted that "at the time of occupancy, all materials will be new unless otherwise specified and all workmanship shall be of good quality and free from faults or defects * * *."

{¶ 12} Paragraph 7 of the contracts states that possession and occupancy of the home will be transferred from contractor (appellees) to owner (appellant) only upon payment of the total contract price, plus changes and additions. "Occupancy of the dwelling by the Owners prior to payment in full to the Contractor aforesaid shall constitute complete acceptance by the Owners without any further obligation on the part of the Contractor, except that the Owner and Contractor may agree to earlier occupancy only pursuant to paragraph (16) hereof." Paragraph 16 provides that an owner may take early possession and occupancy of a structure that is substantially completed by paying the balance of the purchase price "less the reasonable value of the uncompleted items."

{¶ 13} It is undisputed that appellant took occupancy of the home on October 10, 2007, and did not make full payment of the remaining amount due until February 18, 2008. Pursuant to the plain terms of the parties' contracts, the act of occupancy prior to full payment constitutes acceptance of the property and relieves appellees Gleneagles and Shadow Woods Builders of further obligation. As a result, appellees Gleneagles and Shadow Woods Builders are entitled to judgment as a matter of law on appellant's breach-of-contract claim as concerns any purported substandard material or workmanship.

{¶ 14} In the second count of his complaint, appellant alleges that appellees were unjustly enriched by accepting payment for contractual work that was not completed. However, unjust enrichment, or quantum meruit, is a quasi-contract claim unavailable to a party to an express contract absent fraud or illegality. *Donald Harris Law Firm v. Dwight–Killian*, 166 Ohio App.3d 786, 2006-Ohio-2347, 853 N.E.2d 364, ¶ 14 (6th Dist.). As will be seen, there is no evidence of fraud or illegality in this matter, so appellant's claim in unjust enrichment cannot stand.

{¶ 15} In Count 3 of his complaint, appellant alleges fraud in that appellees represented that they would construct the home pursuant to the contract. Count 4 alleges conversion for failing to refund money for work not

done. Not only is there a paucity of evidence supporting these claims, but, as the trial court pointed out, the existence of a contract precludes the assertion of a tort claim based on the same conduct unless there is a duty owed separate from the contract. In such a case, the plaintiff must show damages separate from those attributable to a breach of contract. *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.* 115 Ohio App.3d 137, 151, 684 N.E.2d 1261 (9th Dist.1996). Appellant alleges no extra-contractual damages, nor does he provide any evidence of such damage. Accordingly appellees were entitled to judgment as a matter of law on these claims.

{¶ 16} Appellant, in the fifth count of his complaint, alleges that appellees converted to their own use topsoil from his property. The trial court could find no admissible evidence in support of this claim, nor can we. Because it was appellant's burden to come forth with such evidence, appellees are entitled to judgment as a matter of law on this claim.

{¶ 17} Finally, appellant alleged in the sixth count of his complaint that appellees engaged in unfair or deceptive acts in negotiating the construction contract "and in the construction of [appellant's] home" in violation of the Consumer Sales Practices Act. As the trial court noted, R.C. 1345.02(B) enumerates ten deceptive practices that bring a transaction within the ambit of the act. Appellant failed to point to which of these practices he believes appellees engaged in and did not provide any specific evidence to support any given infraction. Moreover, a fair reading of appellant's complaint as a whole does not reveal allegations, let alone evidence, that could reasonably demonstrate a violation of the act. Again, because in a motion for summary judgment, the burden to produce evidence of a claim is with the party advancing the claim and appellant failed to meet that burden, appellees were entitled to judgment as a matter of law.

{¶ 18} Accordingly, both of appellant's assignments of error are not well taken.

{¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed.

Judgment affirmed.

HANDWORK and YARBROUGH, JJ., concur.