[Cite as *Frenchtown Square Partnership v. Nick Ents., Inc.*, 2021-Ohio-663.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| FRENCHTOWN SQUARE PARTNERSHIP, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2020-T-0038** |
| | : | |
| - vs - | : | |
| NICK ENTERPRISES, INC., d.b.a. TACO BELL, | : | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CV 00986.

Judgment: Affirmed.

*Leonard D. Hall* and *Ronald James Yourstowsky,* The Cafaro Co., 5577 Youngstown Warren Road, Niles, OH 44446 (For Plaintiff-Appellee).

*Daniel G. Keating,* Keating Law Office, 170 Monroe Street, N.W., Warren, OH 44483 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Nick Enterprises, Inc., d.b.a., Taco Bell, appeals from the judgment of the Trumbull County Court of Common Pleas, granting appellee, Frenchtown Square Partnership, summary judgment on its "complaint for money only" which was filed after appellant defaulted on its commercial lease. We affirm the trial court's judgment.

{¶2} On June 14, 2019, appellee filed a complaint seeking money damages for appellant's breach of its commercial lease agreement. Appellant subsequently filed an answer and counterclaim, asserting appellee collected certain sums of money from appellant for marketing, but failed to adequately market the mall in which it was located. Appellant therefore asserted appellee breached its duty to effectively promote the mall which caused its loss of business. Appellee duly answered appellant's counterclaim.

{¶3} Appellee filed its motion for summary judgment, which appellant opposed. In its memorandum in opposition, appellant asserted genuine issues of material fact remained for trial because (1) appellee failed to mitigate its damages and (2) appellee failed to maintain the viability of the mall in a manner that would permit appellant to conduct business. In its reply, appellee, citing the lease agreement, noted appellant had waived any claim or defense that would otherwise bind appellee to mitigate damages; similarly, appellee pointed out that, according to the lease, appellant was not entitled to rely upon the existence of or quantity of other tenants or business or the type or quality of other businesses during the term of the lease.

{¶4} In awarding appellee summary judgment, the court determined the lease language specifically relieved appellee of any duty to mitigate damages. The trial court also concluded appellant's negligent management argument was precluded by the lease agreement. The court therefore granted appellee summary judgment on its complaint, as well as on appellant's counterclaim. This appeal follows.

{¶5} Appellant's assignment of error provides:

{¶6} "The trial court erred in granting summary judgment in favor of plaintiff/appellee without requiring an evidentiary hearing on mitigation of damages or disposition of appellant's personal property under the plaintiff/appellee's control."

{¶7} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers,* 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶8} Appellant asserts the trial court erred in failing to conduct an evidentiary hearing on appellee's duty to mitigate damages and its apparent seizure of personal property located inside the leased premises. In support, appellant contends the waiver of appellee's responsibility to mitigate in the lease is unconscionable; further, appellant asserts the trial court simply ignored appellee's seizure of personal property to its prejudice.

{¶9} Initially, appellant did not request an oral hearing on appellee's motion for summary judgment. Pursuant to local rule, an oral argument upon a motion may be

permitted by the trial court upon application. Trumbull County Loc.R. 12.05. Because appellant did not request an oral hearing, a hearing on the motion, memorandum in opposition, and reply brief was appropriate.

{¶10} Further, appellant, in its memorandum opposing appellee, did not assert the waiver of mitigation was unconscionable. And, significantly, did not plead unconscionability as an affirmative defense in its answer. "Unconscionability of a contract is an affirmative defense." *Defoe v. Schoen Builders, LLC*, 6th Dist. Wood No. WD-18-031, 2019-Ohio-2255, ¶40. A party may not oppose a motion for summary judgment by raising a new affirmative defense in its opposition to summary judgment. *Stanwade Metal Prods. v. Heintzelman*, 158 Ohio App.3d 228, 2004-Ohio-4196, ¶22 (11th Dist.). *See also Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, (1974), syllabus. Affirmative defenses, other than those listed in Civ.R. 12(B), are waived if not raised in the pleadings or in an amended pleading. *Jim's Steak House v. City of Cleveland*, 81 Ohio St.3d 18, 20 (1998). Because appellant did not set forth the affirmative defense of unconscionability in a pleading, the defense is waived and will not be considered.

{¶11} Moreover, the trial court did not facially err in finding the written waiver of appellee's responsibility to mitigate valid. In *Frenchtown Square Partnership v. Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, the Supreme Court of Ohio concluded that a duty to mitigate applies to all leases, "barring contrary contract provisions." *Id.* at ¶20. While this pronouncement requires no additional construction, courts have underscored that the common-law duty to mitigate damages in a commercial lease may be obviated by negotiation of the parties. *See Plaza Dev. Co. v.*

4

*W. Cooper Ents., L.L.C.*, 10th Dist. Franklin No. 13AP-234, 2014-Ohio-2418; *B&G Props. Ltd. Partnership v. Office Max, Inc.*, 8th Dist. Cuyahoga No. 99741, 2013-Ohio-5255, ¶23.

{¶12} The lease provides: "Landlord has no duty to attempt to mitigate any damages resulting from Tenant's failure to observe or perform any of the terms, covenants and conditions of this Lease * * *." The plain language of the lease to which the parties agreed demonstrates any duty to mitigate was eliminated by the contract itself. There was no error in the trial court's judgment in this respect.

{¶13} Furthermore, appellant's remaining contention on appeal, i.e., that the trial court failed to consider appellee's apparent repossession of its personal property, was never an issue before the court. In its counterclaim, appellant simply alleged that it was required to pay appellee sums of money for marketing; appellant claimed appellee breached its duty to effectively market the mall and thus it suffered loss and should be fully released from its responsibilities under the lease. At no point did appellant argue appellee should reimburse it for seizure of private property. Accordingly, we conclude, this issue was waived.

{¶14} Appellant's assignment of error lacks merit.

{¶15} For the reasons discussed, we concluded the judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.