DONALD HARRIS LAW FIRM, Appellant,

v.

DWIGHT–KILLIAN, Appellee.

[Cite as *Donald Harris Law Firm v. Dwight–Killian,*
166 Ohio App.3d 786, 2006-Ohio-2347.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–05–051.

Decided May 12, 2006.

Loretta Riddle, for appellant.

HANDWORK, Judge.

{¶ 1} This is an appeal from a judgment of the Sandusky Municipal Court, Small Claims Division, wherein the court found in favor of defendant/appellee, Angela Dwight–Killian, in an action on an account. Appellant, the Donald Harris Law Firm, appeals that judgment and asserts the following assignments of error:

{¶ 2} "The trial court erred in assessing the credibility of the defendant when it made its findings of facts and conclusions of law and as such the court should have not found in her favor as the counterclaimant did not meet her burden of persuasion as it relates to the weight and sufficiency of the evidence."

{¶ 3} "The trial court erred by not takinig [sic] into consideration frustration of purpose, quasi contract, unjust enrichment and quantum meruit."

{¶ 4} "The trial court erred by not dismissing defendant's claim based upon her filing a claim against the wrong plaintiff."

{¶ 5} In February 2003, appellee engaged the services of appellant for the purpose of preparing and filing a Chapter 7 individual bankruptcy petition. It is undisputed that the total fee for this service was $450 and that appellant would not execute and file the petition unless and until appellee paid the fee in full. It is also undisputed that appellee paid appellant $270, but then decided that she did not wish appellant to go forward with the bankruptcy proceeding.

{¶ 6} On September 14, 2004, appellant filed its complaint, in which it asked the court to find that appellee was required to pay appellant the remaining amount ($180) of the fee, plus $94.01 in interest. Appellant claimed that this amount was owed because appellant had already prepared a "preliminary" Chapter 7 bank-

ruptcy petition. An undated, unsigned partial copy of the petition was filed with appellant's complaint.

{¶ 7} On October 26, 2004, appellee filed a counterclaim against appellant. In her counterclaim, appellee contended that appellant had told her that if she changed her mind concerning the filing of the bankruptcy petition, appellant would refund any payments she had made. Thus, appellee asked the court to order appellant to refund her $270.

{¶ 8} Apparently, a magistrate held a hearing on the parties' claims on February 24, 2005. However, neither party filed a transcript of the proceedings or filed an App.R. 9(C) statement of the evidence in the instant appeal. An unsigned, undated copy of a completed Chapter 7 bankruptcy petition is in the record of this cause and indicates that it was submitted at the hearing. Appellant asserted that the petition was completed in March 2003.

{¶ 9} In the March 31, 2005 decision, the magistrate concluded that appellant had failed to establish that a petition was prepared for filing in the bankruptcy court. The magistrate based this finding on the fact that appellee had made only a partial payment; therefore, the petition "was never executed and filed with any Bankruptcy Court." The magistrate further determined that any information in the submitted petition contained outdated information due to the fact that appellant had not had any contact with appellee since February 2003. Because of this, the magistrate held that the petition, allegedly prepared in March 2003, could not be filed in the bankruptcy court. Thus, the magistrate found that appellee was entitled to a refund of the $270, plus interest.

{¶ 10} Appellant filed timely objections to the magistrate's decision. These objections are identical to the assignments of error raised in this appeal. On May 31, 2005, the Sandusky Municipal Court adopted the magistrate's decision. This appeal followed.

{¶ 11} In its first assignment of error, appellant argues that the magistrate erred in assessing appellee's credibility; therefore, appellant maintains, in essence, that the trial court's judgment is against the manifest weight of the evidence. Appellant challenges, as it did below, certain findings of fact made by the magistrate. However, appellant never filed a transcript of the hearing held before the magistrate in the municipal court.

{¶ 12} Civ.R. 53(E)(3)(c) provides that any objection to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is unavailable. See, also, *GMS Mgt. Co., Inc. v. Coultier*, 11th Dist. No. 2005–L–071, 2006-Ohio-1263, 2006 WL 688053, at ¶ 26–27. Absent a transcript, the trial court and this court must presume regularity in the proceedings on any finding of

fact made by the magistrate. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384. Accordingly, appellant's first assignment of error is not well taken.

{¶ 13} Appellant's second assignment of error contends that the trial court erred by not applying the doctrines of frustration of purpose, quasi contract, unjust enrichment, and quantum meruit in order to award it the remainder of the fee, plus interest, and to deny appellant any relief on her counterclaim. Although appellant did not raise these theories of recovery in its complaint, it did raise them in its objections to the magistrate's decision. We shall therefore briefly address the applicability of these doctrines to the case sub judice.

{¶ 14} A claim for unjust enrichment, or quantum meruit, is a contract implied in law, or a quasi-contract. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 525–528, 11 O.O. 221, 14 N.E.2d 923. "Quasi–Contract is a legal fiction created to prevent an unjust enrichment when a benefit is conferred by a plaintiff onto a defendant with knowledge by the defendant of that benefit and the retention of that benefit under circumstances when it would be unjust to do so without payment." *In re Guardianship of Freeman,* 4th Dist. No. 02CA737, 2002-Ohio-6386, 2002 WL 31647801, at ¶ 29. Under the doctrine of unjust enrichment, that is, quantum meruit, a party may recover the reasonable value of services rendered *in the absence of an express contract* if denying that recovery would unjustly enrich the opposing party. Id. Absent fraud or illegality, a party to an express agreement may not bring a claim for unjust enrichment. *Sammarco v. Anthem Ins. Cos., Inc.* (1998), 131 Ohio App.3d 544, 557, 723 N.E.2d 128.

{¶ 15} In the present case, the trial court found that the parties entered into an express oral agreement under which the bankruptcy petition would be executed only if appellee paid the $450 fee to appellant. Appellant does not dispute this conclusion of law or the findings of fact supporting it. Consequently, because an express contract existed between the parties, appellant could not rely upon any theory of quasi-contract for recovery. Furthermore, even if appellant could base its case upon unjust enrichment, it failed to offer any evidence that appellee benefited from the alleged preparation of the bankruptcy petition.

{¶ 16} The doctrine of frustration of purpose is defined, in the Restatement of the Law 2d, Contracts (1981) 334, Section 265, as follows: "Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary." Nevertheless, the doctrine of frustration of purpose is not widely accepted in Ohio. *Am. Premier Underwriters, Inc. v. Marathon Pipe Line Co.,*

3d Dist. No. 10–2001–08, 2002-Ohio-1299, 2002 WL 437998; *Mahoning Natl. Bank of Youngstown v. State* (May 27, 1976), 10th Dist. No. 75AP–532, 1976 WL 189757.

{¶ 17} Here, we must presume that appellant mentions the doctrine of frustration of purpose as a defense to appellee's counterclaim. Nonetheless, appellant fails to put forth any arguments in its brief to support such a defense. We shall therefore, in our discretion, decline to apply a disfavored doctrine that is not argued separately in appellant's brief. App.R. 12(A)(2); *State v. Twitty*, 2d Dist. No. 18749, 2002-Ohio-5595, 2002 WL 31341561, at ¶ 92. Appellant's second assignment of error is not well taken.

{¶ 18} In its third assignment of error, appellant contends that appellee named the wrong party in her counterclaim. Specifically, appellant argues that appellee named "Donald Harris and Company" in her counterclaim rather than the "Donald Harris Law Firm." A review of the caption of appellee's counterclaim reveals that appellee named "Donald Harris Law Firm" as the defendant. For this reason, appellant's third assignment of error is not well taken.

{¶ 19} This court finds that substantial justice was done the party complaining, and the judgment of the Sandusky Municipal Court, Small Claims Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.

Judgment affirmed.

PIETRYKOWSKI and SKOW, JJ., concur.