GAJOVSKI, Appellant,

v.

ESTATE OF PHILABAUN et al., Appellees.

[Cite as *Gajovski v. Estate of Philabaun*, 192 Ohio App.3d 755, 2011-Ohio-868.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 2010–P–0023.

Decided Feb. 25, 2011.

Dean S. Hoover, for appellant.

David A. Sed, for appellees.

TIMOTHY P. CANNON, Presiding Judge.

{¶ 1} Appellant, Danny L. Gajovski Sr., filed a notice of appeal from the October 21, 2009 judgment entry of the Portage County Court of Common Pleas, granting the motion for directed verdict of appellees, the estate of Robert C. Philabaun and Deborah J. Philabaun, d.b.a. Philabaun's Hidden Cove Resort, on appellant's breach-of-contract claim. Although appellant also filed a notice of appeal from the trial court entry of February 26, 2010, overruling appellees' motion for judgment notwithstanding the verdict, granting appellees' motion to reduce punitive damages from $2,500 to $20, and granting judgment for appellant in the sum of $8,012 for attorney fees, his merit brief contains a sole assignment of error with regard to the trial court's grant of a directed verdict in favor of appellees.

{¶ 2} On April 22, 2008, appellant filed a complaint against appellees for breach of contract, unjust enrichment, and fraud.[1] In his complaint, appellant alleged that he and appellees entered into a written contract in which appellees agreed to

---

1. Appellee Robert C. Philabaun died 10 days prior to the filing of appellant's complaint.

sell and he agreed to purchase a campground, appellees breached that contract by failing to convey the property, appellant performed work to improve the property, and appellees falsely represented that they would sell the property to appellant and give him credit or pay him for the improvements he made.

{¶ 3} On April 29, 2008, appellee Deborah J. Philabaun filed an answer and suggestion of death pursuant to Civ.R. 25(E). On October 16, 2008, Mrs. Philabaun was appointed executor of her husband's estate. On December 3, 2008, Mrs. Philabaun filed a motion for substitution of parties in which she moved the trial court to dismiss the action against her deceased husband and substitute herself as the new defendant in her representative capacity as the fiduciary of her husband's estate, as well as to dismiss her personally. Appellant filed a response on December 15, 2008. Pursuant to its January 5, 2009 judgment entry, the trial court granted Mrs. Philabaun's motion to substitute herself in her representative capacity in place of her deceased husband, but denied her motion to dismiss the claims against her personally.

{¶ 4} A jury trial commenced on October 14, 2009.

{¶ 5} At the trial, Mrs. Philabaun testified that she and her husband operated Philabaun's Hidden Cove Resort, which they owned jointly. While her husband was suffering from lung cancer and was about to undergo surgery, he hand-wrote a document on June 4, 2007, titled "Agreement." The document was signed by Mr. Philabaun only. In this document, Mr. Philabaun stated that he "want[e]d it to be known that it [was his] wish to follow up on the sale of Philabaun's Hidden Cove Resort to [appellant] for the sum of $900,000." Mrs. Philabaun indicated that she did not know about the document until she was served with appellant's complaint. Mrs. Philabaun stated that because her husband was ill, appellant worked at the campground from March or April 2007 until he was asked to leave in July 2007 by Mr. Philabaun due to complaints from campers. In the June 4, 2007 document, Mr. Philabaun mentioned giving appellant credit for $66,000 of the purchase price for the work he performed during the 2007 season in addition to free room and board. There was testimony that the "season" did not end until October of any given year. Mr. Philabaun died on April 12, 2008. According to the June 4, 2007 document, appellant was required to complete the sale of the campground by April 15, 2008, or forfeit the $66,000. Appellant failed to complete the sale by the specified date. Mrs. Philabaun admitted to receiving, but not reading, a February 2008 e-mail from appellant, who sought information in order to close the transaction by the April deadline. Mrs. Philabaun said that her property was worth between 1.2 and 1.5 million dollars at the time it was set to close.

{¶ 6} According to appellant, Mr. Philabaun contacted him in September 2006 and inquired whether he would be interested in purchasing the campground, and

the two had a handshake deal. Appellant noted that the later written document signed by Mr. Philabaun was notarized and recorded. Appellant stated that Mrs. Philabaun participated in meetings and conversations concerning the terms of the sale in December 2006, although she disputes this. Appellant testified that after Mr. Philabaun's June 2007 surgery, he and Mr. Philabaun met to discuss completion of the purchase of the property. He said that he had arranged financing, had a financial partner, and wanted to close. After Mr. Philabaun died, however, appellant was left to deal with Mrs. Philabaun, who was not cooperative.

{¶ 7} Debbie Gabrelcik, appellant's daughter, testified for appellant that she worked at Philabaun's Hidden Cove Resort in return for the use of a free trailer. Gabrelcik indicated that she, along with other family members, worked for free because appellant was going to purchase the campground and they were preparing to fix it up. She stated that appellant was a hard worker and was liked by the campers. Ms. Gabrelcik said that Mrs. Philabaun made several comments regarding the fact that she had no intention of selling the campground to appellant.

{¶ 8} Helen Bevington, a camper at Philabaun's Hidden Cove Resort, testified for appellant that she saw him and his family members perform work at the campground. Ms. Bevington stated that sometime in 2007, appellees introduced appellant and his girlfriend, Lynette Young, to a group of campers as their "new managers."

{¶ 9} Richard Sabina testified for appellant that he was at a meeting with appellees, appellant, and Ms. Young sometime in October 2006. A discussion occurred about appellant possibly buying Philabaun's Hidden Cove Resort. Mr. Sabina indicated that he saw appellant at different times performing work at the campground.

{¶ 10} At the close of appellant's case-in-chief, Mrs. Philabaun moved the court for a directed verdict on all of appellant's claims, alleging that the written contract was defective because it was not signed by her in violation of the statute of frauds. Appellant opposed the motion.

{¶ 11} At trial, and pursuant to its October 21, 2009 judgment entry, the trial court granted appellees' motion for directed verdict on the breach-of-contract claim. As a result, the jury did not consider this claim. With respect to unjust enrichment, the jury found in favor of appellant and against Mrs. Philabaun as executor of her husband's estate in the sum of $46,000 and against her individually in the amount of $20,000. With regard to fraud, the jury found in favor of Mrs. Philabaun as executor of her husband's estate and in favor of appellant against Mrs. Philabaun individually in the amount of $10. The jury made an additional

award to appellant and against Mrs. Philabaun individually in the amount of $2,500 and decided that attorney fees should be awarded against her.

{¶ 12} On November 2, 2009, Mrs. Philabaun, in her individual capacity, filed a motion for judgment notwithstanding the verdict pursuant to Civ.R. 50(B). Appellant filed a response in opposition on November 6, 2009, and an amended response on November 18, 2009.

{¶ 13} On December 7, 2009, appellant filed a partial satisfaction of judgment certifying that judgment on the claim of unjust enrichment in the amount of $20,000 against Mrs. Philabaun individually had been paid in full.

{¶ 14} On December 11, 2009, Mrs. Philabaun filed a motion to reduce the punitive damages on the fraud claim from $2,500 to $20.

{¶ 15} Following a hearing and pursuant to its February 26, 2010 judgment entry, the trial court overruled appellees' motion for judgment notwithstanding the verdict, reduced the award of punitive damages from $2,500 to $20, and awarded appellant attorney fees in the amount of $8,012.

{¶ 16} Appellant filed a timely appeal, asserting the following assignment of error for our review: [2]

{¶ 17} "The trial court committed prejudicial error in granting defendants-appellees' motion for directed verdict on plaintiff-appellant's breach of contract claim based upon its opinion that: (a) there was an unsatisfied condition precedent that Robert Philabaun must have died in surgery before the contract was effective; and, (b) even though Deborah Philabaun repudiated the contract, it was a condition precedent to the breach of contract claim that plaintiff-appellant make an 'official tender' of the contract price."

{¶ 18} In his sole assignment of error, appellant argues that the trial court erred in granting appellees' motion for directed verdict on his breach-of-contract claim. He presents three issues:

{¶ 19} "[1.] Did the trial court err in determining that there was no evidence submitted from which reasonable minds could conclude that a phrase contained in a purported contract was merely a recitation of motivation rather than a condition precedent?

{¶ 20} "[2.] Did the trial court err in determining that there was no evidence submitted from which reasonable minds could conclude that [appellant] was excused from making an 'official tender' of the contract price?

---

2. On April 1, 2010, appellant filed a partial satisfaction of judgment certifying that judgment on the claim for attorney fees in the amount of $8,012 against Mrs. Philabaun had been paid in full.

{¶ 21} "[3.] Did the trial court make the right decision for the wrong reason?"

{¶ 22} For ease of discussion, we will address appellant's three issues in a consolidated fashion.

{¶ 23} "According to Civ.R. 50(A)(4), a motion for directed verdict should be granted when, after construing the evidence most strongly in favor of the party against whom the motion is directed, 'reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.' " *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, at ¶ 14, quoting Civ.R. 50(A)(4).

{¶ 24} "When ruling on a motion for directed verdict, the court must not consider the credibility of the witnesses or the weight of the evidence. *Estate of Cowling v. Estate of Cowling*, 109 Ohio St.3d 276, 2006-Ohio-2418, 847 N.E.2d 405, at ¶ 31. * * * Thus, as the determination of a motion for directed verdict only concerns questions of law, reviewing courts apply a de novo standard of review. *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, at ¶ 14." *Readence v. Am. Asphalt Sealcoating, Inc.*, 11th Dist. No. 2009–L–002, 2009-Ohio-5206, 2009 WL 3154463, at ¶ 18.

{¶ 25} This court stated in *Wuenschel v. Northwood Energy Corp.*, 11th Dist. No. 2008–A–0039, 2008-Ohio-6879, 2008 WL 5389710, at ¶ 36–37:

{¶ 26} " 'The general rule is contracts should be construed so as to give effect to the intention of the parties. *Employers' Liab. Assur. Corp. v. Roehm* (1919), 99 Ohio St. 343, 124 N.E. 223, syllabus. Thus, it is a fundamental principle in contract construction that contracts should "be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. E. Ohio Gas Co.* (1974), 38 Ohio St.2d 244 [67 O.O.2d 321], 313 N.E.2d 374, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361, 678 N.E.2d 519, citing *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 132 [31 OBR 289], 509 N.E.2d 411.' *Morrison v. Petro Evaluation Services, Inc.*, 5th Dist. No. 2004 CA 0004, 2005-Ohio-5640 [2005 WL 2715578], ¶ 29.

{¶ 27} " 'During the course of the judicial examination of a contract, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 245, 374 N.E.2d 146. If the terms of the contract are determined to be clear and unambiguous, the interpretation of the language is a question of law reviewed de novo on appeal. *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377.

Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. See *Graham v. Drydock Coal Co.* (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949. Only if a term of the contract is determined to be ambiguous will the matter be labeled as a question of fact. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 322 [15 OBR 448], 474 N.E.2d 271.' [*Morrison* ] at ¶ 30."

{¶ 28} "[A] contract or contract right is formed when all conditions precedent are satisfied. *Boblien, Inc. v. Hoge* (June 7, 2000), Medina App. No. 2967–M, [2000 WL 727539, *1]; *Carter v. New Buckeye Redevelop. Corp.* (Apr. 2, 1998), Cuyahoga App. No. 72501, [1998 WL 158855, *3]. 'A condition precedent * * * is one which is to be performed before the agreement of the parties becomes operative. A condition precedent calls for the performance of some act or the happening of some event after the contract is entered into, and upon the performance or happening of which its obligation is made to depend.' *Mumaw v. Western & Southern Life Ins. Co.* (1917), 97 Ohio St. 1, 9 [119 N.E. 132], quoting *Chambers v. Northwestern Mut. Life Ins. Co.* (1896), 64 Minn. 495, 497 [67 N.W. 367]." *Lapping v. HM Health Servs.* (Dec. 14, 2001), 11th Dist. No. 2000–T–0061, 2001 WL 1602683, at *4.

{¶ 29} In the case at bar, appellant's exhibit No. 1 provides:

{¶ 30} "Agreement:

{¶ 31} "I Robert Philabaun write this letter in my own hand. Should I not survive my surgery on 6–6–07, want it to be known that it is my wish to follow up on the sale of Philabaun's Hidden Cove Resort to Dan Gajovski for the sum of $900,000 payable at the time of transfer of deeds. For managing the park the 07 season the buyer will be compensated the sum of $66,000.00 to be used as part of the down payment. In the event that the buyer cannot find financing to complete the sale prior to April 15th 2008, the buyer will forfeit the $66,000.00 and hold the seller harmless."

{¶ 32} The foregoing document was signed on June 4, 2007, by Mr. Philabaun only and was notarized that same day.

{¶ 33} We determine that the trial court properly ruled that exhibit No. 1 was not a contract. The condition in the document that Mr. Philabaun not survive his surgery on June 6, 2007, was never met, because he did in fact survive the procedure. The "wish" language in the document is insufficient to create a contractual obligation because it is merely a statement of intention. A document containing a promise to do something in the future is not an enforceable contract. See *Westwinds Dev. Corp. v. Outcalt,* 11th Dist. No. 2008–G–2863, 2009-Ohio-2948, 2009 WL 1741978, at ¶ 30–41. Also, the record before us establishes that

appellant never tendered the $900,000 to appellees prior to April 15, 2008. In addition, Mrs. Philabaun, the joint owner of the campground, never signed the document at issue. Thus, pursuant to R.C. 1335.05, the statute of frauds was not satisfied.

{¶ 34} Also, appellant raises the elements of promissory estoppel in his appellate brief, although it was not pleaded in his complaint or in any amendments. We note, however, that appellant is precluded from raising this entirely new theory of liability for the first time on appeal. *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640.

{¶ 35} The trial court did not err in granting appellees' motion for directed verdict on appellant's breach-of-contract claim.

{¶ 36} For the foregoing reasons, appellant's sole assignment of error is not well taken. The judgment of the Portage County Court of Common Pleas is affirmed.

Judgment affirmed.

GRENDELL and TRAPP, JJ., concur.