[Cite as *Wroblesky v. Hughley*, 2021-Ohio-1063.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY M. WROBLESKY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2020-T-0044** |
| RENZA HUGHLEY, JR., et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CV 01433.

Judgment: Affirmed.

*Thomas C. Nader*, Nader & Nader, 7011 East Market Street, Suite 33, Warren, OH 44484 (For Plaintiffs-Appellees).

*Percy Squire*, Percy Squire Co., LLC, 341 South Third Street, Suite 10, Columbus, OH 43215 (For Defendants-Appellants).

MARY JANE TRAPP, P.J.

{¶1} Defendants-appellants, Renza Hughley, Jr. ("Mr. Hughley") and Tom Dyson ("Mr. Dyson") (collectively, "the appellants"), appeal the judgment of the Trumbull County Court of Common Pleas granting summary judgment to plaintiffs-appellees, Anthony M. Wroblesky and Frank Wroblesky (collectively, "the Wrobleskys"), on the Wrobleskys' complaint for breach of contract.

{¶2} The appellants contend that the trial court erred by granting summary judgment to the Wrobleskys because genuine issues of material fact exist regarding (1)

whether the issuance of a liquor permit to the appellants was a condition precedent to the Wrobleskys' enforcement of the lease; (2) whether the appellants' performance was excused because of frustration of purpose; and (3) whether the appellants' performance was excused because of impracticability due to government action.

{¶3}     After a careful review of the record and pertinent law, we find as follows:

{¶4}     (1) Based on the plain and ordinary meaning of the lease, the parties did not intend the issuance of a liquor permit to be a condition precedent to the appellants' payment obligations.

{¶5}     (2) The Supreme Court of Ohio has not expressly adopted the doctrine of frustration of purpose, and we decline to do so in the present case.  Even if the defense were available, however, the appellants did not raise genuine issues of material fact regarding its applicability.

{¶6}     (3) Since the parties expressly allocated the risk of government delay to the appellants, the doctrine of impracticability due to government action is precluded.

{¶7}     Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

**Substantive and Procedural History**

{¶8}     The Wrobleskys own the commercial real property and improvements located at 775 Mahoning Avenue in Warren, Ohio.  In November 2017, the Wrobleskys and the appellants entered into a written lease agreement regarding the premises.

{¶9}     Under section two of the lease, the appellants' lease term began on December 1, 2017, and ended on November 30, 2018.  In section four, the appellants agreed to pay $21,000 in annual rent in equal monthly installments of $1,750, as well as monthly installments for real estate taxes and insurance premiums, "on the first day of

2

each calendar month during the term of the Lease." In section nine, the appellants agreed, among other obligations, "[t]o procure any licenses and permits required for any use made of the Leased Premises by the Tenant." Section eleven authorized the appellants to use and occupy the premises "exclusively as a restaurant and bar." Section nineteen contains a "force majeure" provision that states as follows:

{¶10} "If the Landlord or the Tenant shall be delayed or hindered in or prevented from the performance of any act *other than the Tenant's obligation to make payments of rent, additional rent, and other charges required under this Lease*, by reason of strikes, lockouts, unavailability of materials, failure of power, restrictive governmental laws or regulations, riots, insurrections, the act, failure to act, or default of the other party, war, or other reason beyond its control, then performance of such act shall be excused for the period of the delay and the period for the performance of such act shall be extended for a period equivalent to the period of such delay. Notwithstanding the foregoing, lack of funds shall not be deemed to be a cause beyond control of either party." (Emphasis added.)

{¶11} The Wrobleskys delivered possession of the premises to the appellants on December 1, 2017. On that date, the appellants paid the Wrobleskys a monthly rental installment of $1,750 and a security deposit of $1,750. The appellants paid $3,000 to the Wrobleskys on January 12 and on February 26 but made no other payments.

{¶12} In August 2018, the Wrobleskys filed a civil complaint against the appellants in the trial court alleging that the appellants breached the lease by failing to pay monthly rent, real estate taxes, and insurance premiums. They sought judgment in the amount of $34,209.84, plus attorney fees, costs, and interest.

3

{¶13} The appellants, through counsel, filed separate motions to dismiss the Wrobleskys' complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).

{¶14} In his motion, Mr. Hughley alleged that at the time the parties entered into the lease, he, as the primary tenant, did not have a permit from the Ohio Division of Liquor Control to sell alcohol but was applying for one. The division approved a liquor permit for Mr. Hughley in August 2018, which was subject to several conditions that he was endeavoring to satisfy. At the time of his motion, however, he did not have a 2018-2019 liquor permit.

{¶15} In his motion, Mr. Dyson alleged that he signed the lease solely as a guarantor for Mr. Hughley. Due to reasons beyond his control, the liquor permit was not yet issued.[1]

{¶16} Both appellants contended that the issuance of a liquor permit was a condition precedent to the enforcement of the lease and that the lease was unenforceable under the doctrines of frustration of purpose and impracticability due to government action.

{¶17} The Wrobleskys filed a memorandum in opposition to the appellants' motions to dismiss.

{¶18} The trial court subsequently issued a judgment entry denying Mr. Dyson's motion to dismiss.

{¶19} The appellants filed an answer setting forth numerous defenses and a counterclaim. In their counterclaim, the appellants alleged that they entered into the lease

1. The lease defines the appellants collectively as "The Tenant" and does not refer to them as primary tenant and guarantor.

4

for the express purpose of operating a business that required the issuance of a state liquor permit; in anticipation of the approval of the liquor permit, they remitted lease payments; through no fault of their own, the liquor permit had not been issued; therefore, they were entitled to a refund of all amounts paid. The appellants sought judgment in an amount not less than $25,000.

{¶20} The Wrobleskys filed a "reply" to the appellants' counterclaim, setting forth numerous defenses.

{¶21} The trial court held a status conference and subsequently issued a judgment entry granting Mr. Hughley's oral motion to withdraw his motion to dismiss.

{¶22} The appellants filed a motion for summary judgment on the Wrobleskys' breach of contract claim. The appellants asserted that the Ohio Liquor Control Commission had approved a liquor permit for Mr. Hughley, subject to several conditions, which he had satisfied. The appellants again argued that the issuance of a liquor permit was a condition precedent to the enforcement of the lease and that the lease was unenforceable under the doctrines of frustration of purpose and impracticability due to government action. In support of their motion, they attached purported certified copies of orders from the Ohio Liquor Control Commission.

{¶23} The Wrobleskys filed a memorandum in opposition and a cross motion for summary judgment on their breach of contract claim. In support of their motion, the Wrobleskys attached an affidavit from Frank Wroblesky.

{¶24} The appellants filed an opposition, which mirrored their prior motion for summary judgment.

{¶25} In May 2020, the trial court issued a judgment entry denying the appellants' motion for summary judgment.[2]

{¶26} In July 2020, the trial court issued a judgment entry granting the Wrobleskys' motion for summary judgment. The trial court determined that the Wrobleskys had proven the existence of the contract, their performance, the appellants' breach, and damages in the amount of $24,709.86.

{¶27} The trial court rejected the appellants' argument that the issuance of a liquor permit was a condition precedent to the enforcement of the lease, finding that there was no such condition expressed in the lease.

{¶28} The trial court also rejected the defense of impracticability, finding that the lease did not include any provision indicating that a liquor permit would be required for the lease's enforcement.

{¶29} Finally, the trial court rejected the defense of legal impossibility, finding that a party's inability to obtain a permit does not constitute governmental interference with the ability to perform.

{¶30} Accordingly, the trial court granted the Wrobleskys' motion for summary judgment, stating that "[t]his is a final appealable order and there is no just cause for delay."

{¶31} The appellants appealed and present the following assignment of error for our review:

{¶32} "The trial court erred when it granted summary judgment in Appellee's favor."

---

2. Since the appellants' sole assignment of error does not challenge the trial court's denial of their motion for summary judgment, we do not summarize the trial court's reasoning.

**Jurisdiction**

{¶33} As an initial matter, we note the record does not reflect a disposition of the appellants' counterclaim.

{¶34} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).

{¶35} An order is both final and appealable if it resolves at least one full claim in a multiple claim case with an express certification that there is no just reason for delay pursuant to Civ.R. 54(B). *Bench Signs Unlimited v. Stark Area Regional Transit Auth.*, 9th Dist. Summit No. 21574, 2003-Ohio-6324, ¶ 3.

{¶36} The trial court's judgment entry resolved the Wrobleskys' breach of contract claim and stated that "there is no just cause for delay." Accordingly, it constitutes a final appealable order, which permits us to address the merits of this appeal.

**Standard of Review**

{¶37} We review de novo a trial court's order granting summary judgment. *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶ 9.

{¶38} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶ 36. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. *Id.*

{¶39} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280, 662 N.E.2d 264 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.* at ¶ 40.

{¶40} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* [38 Ohio St.3d 112, 526 N.E.2d 789 (1988)]." *Id.*

{¶41} In addition, the construction of a written contract is a matter of law that we review de novo on appeal. *McWreath v. Maiorca*, 2015-Ohio-4319, 46 N.E.3d 156, ¶ 47 (11th Dist.).

{¶42} During the course of the judicial examination of a contract, the reviewing court should give the language of the instrument its plain and ordinary meaning unless some other meaning is evidenced within the document. *Gajovski v. Estate of Philabaun*, 192 Ohio App.3d 755, 2011-Ohio-868, 950 N.E.2d 595, ¶ 27 (11th Dist.). Only if a term of the contract is determined to be ambiguous will the matter be labeled as a question of fact. *Id*.

### Law and Analysis

{¶43} In their sole assignment of error, the appellants contend that there are genuine issues of material fact regarding whether (1) the issuance of a liquor permit was a condition precedent to the Wrobleskys' enforcement of the lease; (2) their performance was excused because of frustration of purpose; and (3) their performance was excused because of impracticability due to government action. We consider each of these arguments in turn.

### *Condition Precedent*

{¶44} The appellants first contend that the issuance of a liquor permit was a condition precedent to the enforceability of the lease.

{¶45} The Supreme Court of Ohio has defined a "condition precedent" as "one that is to be performed before the agreement becomes effective, and which calls for the happening of some event or the performance of some act after the terms of the contract have been agreed on, before the contract shall be binding on the parties." *Mumaw v. W. & S. Life Ins. Co.*, 97 Ohio St. 1, 119 N.E. 132 (1917), syllabus. "Whether a provision in a contract constitutes a condition precedent * * * is a question of intent; and the intention will be ascertained by considering the language not only of the particular provision, but of the whole contract and its subject-matter." *Id*.

9

{¶46} Here, the plain and ordinary meaning of the lease indicates that the parties did not intend the issuance of a liquor permit to be a condition precedent to the appellants' payment obligations.

{¶47} Specifically, the lease provides that the appellants' lease term began on December 1, 2017. The appellants agreed to make payments for rent, real estate taxes, and insurance premiums "on the first day of each calendar month during the term of the Lease." The appellants agreed, among other obligations, "[t]o procure any licenses and permits required for any use made of the Leased Premises by the Tenant." The lease contains no provision conditioning the appellants' payment obligations on the issuance of any such licenses or permits.

{¶48} Our construction is in accord with the Tenth District's decision in *Atelier Dist., LLC v. Parking Co. of Am., Inc.*, 10th Dist. Franklin No. 07AP-87, 2007-Ohio-7138, involving similar facts.

{¶49} In that case, the lessor leased several lots located in a historic redevelopment area to the lessee for the lessee's parking lot operations. *Id.* at ¶ 3. The parties later executed an addendum in which the lessee agreed to make certain improvements to the parking lots, including "development, paving, demolition and fencing." *Id.* at ¶ 5. The parties submitted proposed development plans to the city's downtown development commission. *Id.* at ¶ 7. However, the commission did not approve the plans for two lots until three years later, at which time the lessee refused to make the improvements. *Id.* at ¶ 10.

{¶50} The lessor filed suit against the lessee for breach of contract for the lessee's failure to complete improvements on the two lots. *Id.* at ¶ 11. Among other defenses, the lessee claimed that it was excused from performing because a condition precedent was

10

not satisfied, i.e., the commission's prompt approval of the development plans. *Id.* at ¶ 34.

{¶51} The Tenth District determined that the lease addendum's failure to mention the commission's approval, much less "prompt" approval, suggested the parties did not intend it to be a condition precedent. *Id.* at ¶ 36. In addition, the lease provided that the lessee was obligated to "obtain at its sole cost, any required licenses or permits in carrying on its business operations on the premises." *Id.*

{¶52} In light of the plain and ordinary meaning of the lease, the appellants have not shown that there are genuine issues of material fact regarding the existence of a condition precedent.

### *Frustration of Purpose*

{¶53} The appellants next contend that there are genuine issues of material fact as to whether their performance was excused based on the doctrine of frustration of purpose. According to the appellants, the purpose of the contract was frustrated by the lack of a liquor permit.

{¶54} Several courts have noted that the doctrine of frustration of purpose is not widely accepted in Ohio. *See, e.g., Donald Harris Law Firm v. Dwight-Killian*, 166 Ohio App.3d 786, 2006-Ohio-2347, 853 N.E.2d 364, ¶ 16 (6th Dist.); *Printing Industries Assn. of N. Ohio, Inc. v. Internatl. Printing & Graphic Communications Union, Local No. 56*, 584 F.Supp. 990, 999 (N.D.Ohio 1984); *Am. Premier Underwriters, Inc. v. Marathon Pipe Line Co.*, 3d Dist. Mercer No. 10-2001-08, 2002 WL 437998, *4 (Mar. 20, 2002); *Wells v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin Nos. 05AP-180 & 05AP-183, 2006-Ohio-1831, ¶ 18.

11

{¶55} The Supreme Court of Ohio has not expressly adopted the doctrine, although the court once acknowledged its existence in a footnote. *See In re Adams*, 45 Ohio St.3d 219, 220, 543 N.E.2d 797 (1989), fn. 1 ("With respect to the separation agreement, appellee does not challenge the enforceability of the agreement by asserting claims based upon the law of contracts, to wit: frustration of purpose, impossibility of performance or conditions subsequent. Our review of the record discloses no facts to support such assertions").

{¶56} This court has also never adopted the doctrine, and we decline to do so in the present case. Even if the defense were available, however, the appellants did not raise genuine issues of material fact regarding its applicability.

{¶57} Ohio courts that have recognized the doctrine have adopted the standard set forth in the Restatement of the Law. *See, e.g., Donald Harris Law Firm* at ¶ 16.[3] The Restatement describes "discharge by supervening frustration" as follows:

{¶58} "Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary." Restatement of the Law 2d, Contracts, Section 265, at 334 (1981).

<u>Principal Purpose</u>

{¶59} According to the Restatement, "the purpose that is frustrated must have been a principal purpose of that party in making the contract. It is not enough that he had

---

3. The Ohio Judicial Conference's pattern jury instruction for "frustration of purpose" as an affirmative defense to breach of contract is also based on the Restatement. *See Ohio Jury Instructions*, CV Section 501.15 (Rev.Jan.2021).

12

in mind some specific object without which he would not have made the contract. The object must be so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense." Restatement at 265, Comment a.

{¶60} The appellants contend that "the exclusive purpose of the lease was for a bar." However, the lease provides that "[t]he Leased Premises may be occupied and used by the Tenant exclusively as a *restaurant* and bar." (Emphasis added.) The appellants never contended that they were unable to use the premises as a restaurant. Therefore, the lack of a liquor permit could have only *restricted* the purpose for the lease, not *totally* frustrated it.

{¶61} For example, in *Goodman v. Sullivan*, 94 Ohio App. 390, 114 N.E.2d 856 (2d Dist.1952), the Second District determined that a lessee's rent obligation was not excused by the lack of a liquor permit where "[i]t is not contended, nor does it appear that the premises could not have been used as a restaurant for the sale of food." *Id.* at 391.

Frustrating Event

{¶62} The appellants also contend that they did not have a liquor permit when they entered into the lease, but "it was a basic assumption of the parties at the time they entered into the contract that a liquor permit would be issued."

{¶63} The Restatement requires a party to demonstrate a "frustrating event" that occurs "after a contract is made" that constitutes "a change in circumstances." Restatement at 265, Comment a.; *see Moore v. Nichol*, 9th Dist. Summit No. 15062, 1991 WL 228373, *3 (Oct. 30, 1991) ("The common law doctrine is concerned only with obstructions which arise after the formation of the contract"). Here, the appellants' lack of a liquor permit was not a change in circumstances. Rather, it constituted the existing circumstances at the time the parties entered into the lease.

13

{¶64} In addition, the language of the lease contradicts any assertion that delayed issuance of a liquor permit was a "non-occurrence" that was "a basic assumption on which the contract was made." *See* Restatement at 265, Comment b. (noting that frustration of purpose "does not apply if the language or circumstances indicate the contrary").

{¶65} For example, in *S. College St., LLC v. Charlotte School of Law, LLC*, N.C.Super. No. 18 CVS 787, 2018 WL 3830008 (Aug. 10, 2018), a for-profit law school argued that frustration of purpose excused its rent payments under a lease after its license was revoked. *Id.* at *1-3. A force majeure provision in the lease provided that the lessee would not be liable or responsible for delays in timely carrying out its obligations under the lease - other than its payment obligation - due to regulations or restrictions or the inability to obtain government permits. *Id.* at *5. The court determined that this carve-out in the force majeure provision indicated the parties' intent that nonpayment of rent would be a breach of the lease, notwithstanding the lessee's failure to maintain a license. *Id.*

{¶66} Here, the parties expressly contemplated that the appellants would be required to obtain certain licenses or permits to conduct their business operations. The lease also contains a force majeure provision that expressly excludes the appellants' "obligation to make payments of rent, additional rent, and other charges required under this Lease" from being excused "by reason of * * * restrictive governmental laws or regulations, * * * or other reason beyond its control."

{¶67} Thus, these provisions reflect the parties' intent that nonpayment of rent, real estate taxes, and insurance premiums would constitute a breach of the lease notwithstanding the appellants' failure to obtain required licenses or permits.

{¶68} According to the Restatement, "the frustration must be substantial. It is not enough that the transaction has become less profitable for the affected party or even that he will sustain a loss. The frustration must be so severe that it is not fairly to be regarded as within the risks that he assumed under the contract." Restatement at 265, Comment a.

{¶69} The appellants provided no argument or evidentiary support on the issue of substantial frustration. While operating a restaurant without the sale of liquor may be less profitable or result in a financial loss, such circumstances are not sufficient to establish the defense of frustration of purpose.

{¶70} Further, the Supreme Court of Ohio has held that "'[o]rdinarily, when one contracts to render a performance for which a government license or permit is required, it is his duty to get the license or permit so that he can perform. The risk of inability to obtain it is on him; and its refusal by the government is no defense in a suit for breach of his contract.'" *Security Sewage Equip. Co. v. McFerren*, 14 Ohio St.2d 251, 254, 237 N.E.2d 898 (1968), quoting 6 *Corbin on Contracts*, Section 1347, at 435.

{¶71} Courts have also held that "if the parties have contracted in reference to the allocation of the risk involved in the frustrating event, they may not invoke the doctrine of frustration to escape their obligations." *Brenner v. Little Red School House, Ltd.*, 302 N.C. 207, 211, 274 S.E.2d 206 (1981).

{¶72} As indicated, the lease required the appellants to obtain the licenses or permits necessary to conduct their business operations. The lease did not excuse the appellants' payment obligation in the event of "restrictive governmental laws or regulations, * * * or other reason beyond its control." Based on the plain and ordinary

15

meaning of these provisions, the parties expressly allocated the risk of government delay to the appellants.

Fault

{¶73} According to the Restatement, frustration of purpose "applies only when the frustration is without the fault of the party who seeks to take advantage of the rule." Restatement at Section 265, Comment b.

{¶74} The appellants assert that the delayed issuance of the liquor permit was not their fault. In support of their brief in opposition, the appellants attached what they described as "certified copies of orders related to Defendants' liquor license."

{¶75} We note that the appellants did not submit these materials in accordance with Civ.R. 56.[4] Even if we were to consider them, however, they do not create a genuine issue of material fact. Rather, they contradict the appellants' assertion that the delayed issuance of the liquor permit was not their fault.

{¶76} The documents indicate that an entity named "II Hype LLC dba The Dive Bar" held a liquor permit in 2016 for a different location. The permit was cancelled in October 2017 for the holder's failure to submit a "transfer of ownership application" with its renewal application after three separate notices. Following administrative appeal, the Ohio Liquor Control Commission reversed the cancellation upon the satisfaction of certain

---

4. Courts have held that "[d]ocuments submitted in opposition to a motion for summary judgment which are not sworn, certified or authenticated by affidavit have no evidentiary value and may not be considered by the Court in deciding whether a genuine issue of material fact remains for trial." *Green v. B.F. Goodrich Co.*, 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist.1993). Only two of the documents that the appellants submitted contain a certification affidavit. However, courts have also held that the "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987). The Wrobleskys did not object to this evidence prior to appeal.

conditions, including the timely submission of required application materials and the payment of fees and penalties.

{¶77} Accordingly, the appellants have not shown that there are genuine issues of material fact based on the doctrine of frustration of purpose.

### *Impracticability Due to Government Action*

{¶78} Finally, the appellants contend that there are genuine issues of material fact as to whether their performance was excused based on the doctrine of impracticability due to government action. According to the appellants, their performance became impracticable because of the lack of a liquor license.

{¶79} The Supreme Court of Ohio has held that "'governmental interference cannot excuse [performance] unless it truly "supervenes" in such a manner as to be beyond the seller's assumption of risk.' In order to excuse performance, the contingency must be unforeseen and unusual." *Security Sewage* at 254, quoting R.C. 1302.73, Comment 10.

{¶80} As explained above, the parties expressly allocated the risk of government delay to the appellants. Accordingly, the appellants have not shown that there are genuine issues of material fact based on the doctrine of impracticability due to government action.

{¶81} In sum, the appellants did not meet their burden on summary judgment to establish the existence of genuine issues of material fact with respect to the Wrobleskys' breach of contract claim. Therefore, the trial court did not err in granting summary judgment to the Wrobleskys.

{¶82} The appellants' sole assignment of error is without merit.

{¶83} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.