[Cite as *Univ. of Toledo Chapter of Am. Assn. of Univ. Professors v. Univ. of Toledo*, 2013-Ohio-1517.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

THE UNIVERSITY OF TOLEDO CHAPTER OF AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, et al.

      Plaintiffs

      v.

THE UNIVERSITY OF TOLEDO

      Defendant

Case No. 2012-01783

Judge Patrick M. McGrath
Magistrate Robert Van Schoyck

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On December 4, 2012, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiffs filed a response, with leave of court, on January 4, 2013. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4.

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} According to the complaint, plaintiff, Suzanne Jacobs (Jacobs), is the administrator of the estate of Thomas Tomaszewski, who was employed with defendant, University of Toledo (UT), as a lecturer until being terminated from that position in December 2005. The complaint provides that Tomaszewski contested his termination by filing a grievance through his union, plaintiff, University of Toledo Chapter of American Association of University Professors (UT-AAUP). It is undisputed that another lecturer, Beryl Stemen, whose employment was terminated around the same time as Tomaszewski's, also filed a grievance which proceeded to arbitration and resulted in an agreement which provided, in part, that UT would pay Stemen a sum of money and Stemen would tender a resignation effective at the end of the 2007/2008 academic year. The complaint states that in light of the common facts and circumstances between the two grievances, UT and UT-AAUP "agreed to forego Tomaszewski's grievance and allow Stemen's award to apply to him." (Complaint, ¶ 6.) In support of its motion, UT submitted an unsigned copy of this "Post-Arbitration Arrangement," which is authenticated through UT-AAUP's written admissions.

{¶ 5} On May 12, 2011, Tomaszewski died. There is no suggestion that he had ever signed and accepted the Post-Arbitration Arrangement by the time of his death. The complaint explains, rather, that after Tomaszewski's death, his estate sent a letter on August 23, 2011, which "notified [UT] of its acceptance of the post-arbitration award * * *." (Complaint, ¶ 10.) On these facts, plaintiffs claim that UT is obligated to pay the estate pursuant to the terms of the Post-Arbitration Arrangement.

{¶ 6} "A valid contract consists of an offer, acceptance, and consideration." *Motorists Mut. Ins. Co. v. Columbus Fin., Inc.*, 168 Ohio App.3d 691, 2006-Ohio-5090, ¶ 7 (10th Dist.). "It is fundamental to the law of contracts that 'an offer can be accepted

only by a person whom it invites to furnish the consideration.'" *Telxon Corp. v. Smart Media of Del., Inc.*, 9th Dist. Nos. 22098 & 22099, 2005-Ohio-4931, ¶ 76, quoting Restatement of the Law, 2d Contracts, Section 52 (1981).

{¶ 7} If the offer does not prescribe a time limit for acceptance, it must occur within a reasonable time. Restatement of the Law 2d, Contracts, Section 41 (1981). Furthermore, "[a]n offeree's power of acceptance is terminated when the offeree or offeror dies or is deprived of legal capacity to enter into the proposed contract." Restatement of the Law 2d, Contracts, Section 48 (1981); *see also O'Neil v. Bunge Corp.*, 365 F.3d 820, 826 (9th Cir.2004), quoting 17 Corpus Juris Secundum, Contracts, Section 65 (2003) ("'The death or incapacity of either party before acceptance is communicated causes an offer to lapse. An acceptance communicated to the representatives of the offerer cannot bind them, nor can the representatives of a deceased offeree accept the offer on behalf of his estate.'"). There is no dispute that UT made a written offer to Tomaszewski in 2007 to forego his grievance and resolve his dispute with UT according to the terms set forth in the Post-Arbitration Arrangement. Based on the evidence submitted by the parties, reasonable minds can only conclude that Tomaszewski never indicated his acceptance by signing the offer, that the offer lapsed no later than the date of his death, May 12, 2011, and that the Post-Arbitration Award upon which the complaint is predicated is therefore not an enforceable contract.

{¶ 8} In their memorandum opposing UT's motion, plaintiffs argue that they nonetheless have standing to pursue "the original and unresolved breach of contract that gave rise to [the] grievance of Tomaszewski and ultimately, this suit." Even if the court were to assume that plaintiffs have standing to bring such a claim, however, it is apparent that the grievance brought by UT-AAUP and Tomaszewski arose under a collective bargaining agreement. "The Court of Claims lacks jurisdiction over an action which alleges a violation of a collective bargaining agreement because R.C. 4117.09 grants exclusive jurisdiction over such actions to the courts of common pleas." *Crable*

*v. Ohio Dept. of Youth Servs.*, 10th Dist. No. 09AP-191, 2010-Ohio-788, ¶ 12, citing *Moore v. Youngstown State Univ.*, 63 Ohio App.3d 238, 242 (10th Dist.1989).

**{¶ 9}** For the foregoing reasons, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Randall W. Knutti                         Thomas J. Szyperski
Assistant Attorney General                33 South Huron Street
150 East Gay Street, 18th Floor           Toledo, Ohio 43602-1705
Columbus, Ohio 43215-3130

001
Filed February 7, 2013
To S.C. Reporter April 16, 2013