[Cite as *Galloway v. Garmon, Exr.*, 2025-Ohio-5044.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MARK GALLOWAY, ET AL., :

     Plaintiffs-Appellants, :

                                              Nos. 114786 and 115075

     v. :

CHARLOTTE GARMON, EXECUTOR,
ET AL., :

     Defendants-Appellees. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2023ADV285386

---

### *Appearances:*

Flowers & Grube, Louis E. Grube, and Kendra N. Davitt,
*for appellants.*

TM Wilson Law Group, LLC, and Thomas M. Wilson, *for
appellees.*

SEAN C. GALLAGHER, J.:

{¶ 1} In this consolidated appeal, plaintiffs-appellants Mark Galloway and
Susan Galloway challenge the probate court's decision granting the motion for
summary judgment of defendants-appellees Charlotte Garmon, individually and

as executor of the estate of Madelon E. Cortright, Elizabeth A. McCullough, and Sally Weber. Appellants also challenge the probate court's decision denying their motion for relief from final judgment. Upon review, we affirm the judgment of the probate court.

{¶ 2} In December 2023, appellants filed a complaint for declaratory judgment and other relief against Garmon, individually and as the executor of the estate of Madelon E. Cortright, and the beneficiaries of the estate.[1] Appellants included a claim for a "declaration of validity of agreement to sell," which agreement is allegedly set forth in a letter dated June 15, 2006 ("the Cortright letter"). Appellants also set forth a claim for "specific performance to sell real estate."

{¶ 3} An unauthenticated copy of the Cortright letter is attached to the complaint. It is addressed to "June" and states in pertinent part as follows:

> I, Madelon Cortright and my husband Floyd Cortright, would like to give you or your nephew Mark Galloway and Susan Galloway, "Right of first refusal" to purchase our home . . . after we both pass away. You may purchase our home at Cuyahoga County appraised value of that year. . . .
>
> Our wishes are that you or your nephew may purchase our property right after we both pass away without any dispute.

The Cortright letter is purportedly signed by "Madelon E. Cortright." It is not signed by Floyd Cortright. Nor is it signed by appellants.

---

[1] Along with the appellees herein, Berea Animal Rescue is a named defendant in the case.

{¶ 4} In their complaint, appellants alleged that the Cortright letter "represents a valid offer" from Madelon Cortright and that they "accepted [Madelon's] offer." Among other allegations, appellants alleged that the Cortright letter gave them "a right of first refusal" and an "option to purchase" the subject property, that Madelon passed away in May 2022 and was predeceased by Floyd, and that on or about June 25, 2023, they exercised the option, but Garmon refused to sell them the property. Appellants sought a declaration that the Cortright letter "is a valid agreement for the purchase of real property [at] the Cuyahoga County Auditor's value and is enforceable against the Defendants[.]" Appellants also sought specific performance of the alleged "written agreement" that they asserted was entered by "Plaintiffs and [Madelon Cortright]" "[o]n or about June 15, 2006[.]"

{¶ 5} In the course of proceedings, answers were filed by the defendants, a motion for judgment on the pleadings was denied, and the parties herein filed cross-motions for summary judgment and opposition briefs. The appellants' arguments largely focused upon their belief that the Cortright letter "is clearly meant to be a contract between the parties" that gave them a right of first refusal and that they had "expressed their intent to be bound by the terms of the Contract." On the other hand, appellees argued that appellants had failed to authenticate the signature of Madelon Cortright and appellants' motion was devoid of permissible evidentiary materials, that the Cortright letter does not constitute a valid contract, that the Cortright letter violated the statute of frauds, and that the Cortright letter

did not include a valid right of first refusal and violated the rule against perpetuities, among other arguments.

{¶ 6} The probate court issued a decision on December 31, 2024, that denied appellants' motion for summary judgment and granted appellees' motion. In the judgment entry, the probate court recognized that appellants relied upon unauthenticated documents, and the court found that appellants' motion for summary judgment was devoid of any permissible materials as required by Civ.R. 56(C). The probate court found, in part, that "even if the unauthenticated letter from Madelon Cortright were acceptable evidence, it fails to create any contractual rights in favor of Plaintiffs" and that the language of the Cortright letter was contradictory and did not meet the requirements of a valid "right of first refusal" at the time it was written. The probate court further found that "even if authenticated," the Cortright letter violates Ohio's statute of frauds because it is not signed by a co-owner of the subject property, Floyd Cortright, and that "there was no 'meeting of the minds' or 'acceptance' of the supposed contract until Plaintiffs sent a letter through their attorney in 2023 indicating that they wanted to purchase the subject property." In granting appellees' motion for summary judgment, the probate court found that the Cortright letter was not admissible pursuant to the authentication requirement under Evid.R. 901 and that even if it were admissible, it could not be construed as a contract to sell land because it was not signed by Floyd Cortright. Ultimately, the probate court found that "even if Plaintiffs were able to authenticate and present the Cortright letter as evidence, the

letter fails, as a matter of law, to grant any contractual rights to the Plaintiffs." The court determined under the Civ.R. 56 standard that appellees "are entitled to judgment as a matter of law." The probate court declared that "the Cortright letter dated June 15, 2006, is not a valid offer from Madelon E. Cortright to Plaintiffs to purchase the subject property at the Cuyahoga County Auditor's value" and dismissed the complaint as to all parties.

{¶ 7} Following the probate court's judgment entry, appellants filed an appeal to this court and a motion for relief from final judgment with the probate court. Upon limited remand from this court, the probate court issued a decision denying appellants' motion for relief from judgment on April 29, 2025. The probate court recognized that it had granted appellees' motion for summary judgment upon finding that the Cortright letter "was unauthenticated and outside the limits of evidence allowed by Civ.R. 56" and that "even if the letter were to be admitted, it fails to create any contract rights in favor of the Plaintiffs." The probate court noted that appellants had submitted new evidence in an attempt to authenticate the Cortright letter and had set forth an argument claiming the probate court was mistaken regarding a "right of first refusal." The probate court rejected appellants' arguments and determined that "[p]laintiffs have not set forth grounds for relief pursuant to Civ.R. 60(B)" and denied the motion. Appellants appealed this decision, and their two appeals were consolidated for review.

{¶ 8} Appellants raise two assignments of error.[2] Under the first assignment of error, appellants claim the trial court erred by granting summary judgment to appellees.

{¶ 9} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12. "Although we must review a summary judgment decision de novo, 'that standard does not supersede our settled practice of not addressing issues raised for the first time on appeal.'" *Davis v. Diley Ridge Med. Ctr.*, 2025-Ohio-1940, ¶ 9 (10th Dist.), quoting *Deutsche Bank Natl. Trust Co. v. Stone*, 2021-Ohio-3007, ¶ 12 (10th Dist.). We limit our review accordingly.

{¶ 10} In their complaint and summary-judgment pleadings, the claims and arguments as presented to the trial court by appellants were premised upon their assertion of a "valid contract" or "agreement" that they maintained granted them a right of first refusal to the purchase of the subject property at the Cuyahoga

---

[2] We note that appellants have not challenged the decision to deny their motion for summary judgment. Though appellees argue res judicata should be applied, the authority they cite does not support their argument.

County auditor's value. Appellees argued, and the probate court properly determined, that not only was the unauthenticated Cortright letter inadmissible, but also even if it were admissible, the Cortright letter fails as a matter of law to grant any contractual rights to appellants. We agree. The record demonstrates that the Cortright letter was unauthenticated, and this alone warranted summary judgment in favor of appellants. Furthermore, even if it were admissible, it is not a valid contract.

{¶ 11} At oral argument in this matter, appellants' counsel conceded the Cortright letter is not a valid contract. Rather, appellants' counsel argued that the letter evinced a "donative intent" to convey a preemptive right. That was not the basis for the claims presented in the complaint or the arguments made to the trial court on summary judgment.

{¶ 12} Further, although appellants argue appellees' motion for summary judgment was not supported by any admissible evidence, they made no such argument in opposing appellees' motion. "A party against whom a claim . . . is asserted or . . . a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim . . . or declaratory judgment action." Civ.R. 56(B). Appellees attached an affidavit with the survivorship deed for the subject property to their brief in opposition to appellants' motion for summary judgment, which was among the pleadings filed in the action. *See* Civ.R. 56(C). Additionally, appellants' claims were premised upon the Cortright letter, which was attached to

the complaint, and they sought to declare it a valid contract.  Appellees established upon the pleadings before the court that no valid contract exists and that they are entitled to judgment as a matter of law.

{¶ 13} "A valid contract requires 'mutual assent, an offer and acceptance of the offer, and consideration[,]' . . . and a contract has not been formed if there is no meeting of the minds." *Smith v. Rezutek*, 2024-Ohio-5599, ¶ 8 (8th Dist.), quoting *Butcher v. Bally Total Fitness Corp.*, 2003-Ohio-1734, ¶ 28 (8th Dist.).  Appellees established that these requirements were not met.

{¶ 14} The record shows that at the time the Cortright letter was purportedly written, Madelon Cortright and Floyd Cortright were co-owners of the subject property under a survivorship deed.  The Cortright letter indicates that "Madelon Cortright *and my husband Floyd Cortright*, would like to give you or your nephew Mark Galloway and Susan Galloway, 'Right of first refusal' to purchase our home . . . after we both pass away."  (Emphasis added.)  However, there is no evidence that Floyd Cortright manifested an intent to be bound by those terms.  "[I]n a joint tenancy with right of survivorship, one joint tenant [cannot] unilaterally terminate the survivorship rights of another joint tenant." *Wilson v. Brown*, 2008-Ohio-1743, ¶ 15 (4th Dist.).  Also, "'if more than two (2) persons are intended to be parties to a proposed contract, the contract does not come into existence unless all of them manifest their assent.'" *Id*. at ¶ 19, quoting *Living Waters Fellowship Inc. v. Ross*, 2000 Ohio App. LEXIS 5004, *15 (4th Dist. Oct. 23, 2000).  As argued by appellees in their motion, "[n]o evidence exists that as of June 15, 2006, or any other time,

Floyd Cortright intended to convey any rights he had as to the Property. This defect is fatal to any argument that the [Cortright letter] was a valid offer to sell the Property. . . ."

{¶ 15} Additionally, because Floyd Cortright never signed the Cortright letter, arguably the statute of frauds was not satisfied. *See Gajovski v. Estate of Philabaun*, 192 Ohio App.3d 755, 762 (11th Dist. 2011). In short, the statute of frauds generally "requires a written contract for the sale of land to be signed by the parties, thereby executing the contract." *Arrich v. Moody*, 2005-Ohio-6152, ¶ 22 (11th Dist. 2005). "The absence of a signature establishes that a valid contract did not exist." *Arrich* at ¶ 23. "Agreements that do not comply with the statute of frauds are unenforceable." *Olympic Holding Co., L.L.C. v. ACE Ltd.*, 2009-Ohio-2057, ¶ 32; *Hummel v. Hummel*, 133 Ohio St. 520 (1938), paragraph one of the syllabus; *see also Cummings Court, L.L.C. v. Scott*, 2018-Ohio-4870, ¶ 38 (8th Dist.).

{¶ 16} Furthermore, even if Madelon Cortright could have entered a contract giving an enforceable right of first refusal to appellants, appellants acknowledged that they did not accept the purported offer until after Madelon Cortright's death. If an offer does not prescribe a time limit for acceptance, it must occur within a reasonable time, and generally acceptance cannot occur after the death of the offeror. *See Univ. of Toledo Chapter of Am. Assn. of Univ. Professors v. Univ. of Toledo*, 2013-Ohio-1517, ¶ 7 (Ct. of Cl.); *Lewis v. Motorists Ins. Co.*, 96 Ohio App.3d 575, 584 (8th Dist. 1994). Moreover, as the trial court observed, the

Cortright letter "does not become a valid contract by virtue of future events." Finally, because there was no meeting of the minds, there can be no valid contract.[3]

{¶ 17} Appellees established that there is no valid contract and that specific performance is not warranted. Applying the Civ.R. 56 standard, we find appellees are entitled to summary judgment on the claims raised in the complaint. We are not persuaded by any of appellants' arguments otherwise. We declare as a matter of law that there was no valid contract or agreement as pled by appellants, and they are not entitled to any specific performance. The first assignment of error is overruled.

{¶ 18} Under their second assignment of error, appellants claim the probate court abused its discretion in denying their motion for relief from final judgment. We do not find this to be the case.

{¶ 19} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate "(1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *State ex rel. Hatfield v. Miller*, 172 Ohio St.3d 247, 249 (2023), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). We review the probate court's denial of appellants' motion for an abuse of discretion. *See id.*, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988).

---

[3] Despite the parties' arguments, we need not address the "right of first refusal" language or consider whether it violates the rule against perpetuities.

{¶ 20} Appellants asserted that they are entitled to relief under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect" with regard to their failure to submit permissible evidentiary materials. However, as a general rule, "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 153 (1976). As the probate court determined, appellants failed to provide any evidence allowed under Civ.R. 56, despite having had every opportunity to include authenticated documents. Appellants did not provide sufficient operative facts to support their motion. Also, appellants' motion failed to demonstrate grounds for relief under Civ.R. 60(B)(5) for "any other reason justifying relief from the judgment," which "'is only to be used in an extraordinary and unusual case when the interests of justice warrant[] it.'" *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974).

{¶ 21} Further, appellants failed to demonstrate a potentially meritorious claim. In their motion, appellants again expressed that they "pled a claim for declaratory relief, asking for a declaration that the [Cortright letter] was a valid offer to purchase the Property, that they had accepted it, and that it was therefore a binding agreement." Appellants also asserted that they "pled a claim for specific performance of that agreement." As the probate court indicated, it was not required to reconsider matters that were fully briefed and already ruled upon. Indeed, "'[a] Civ.R. 60(B) motion must not be used merely to reiterate arguments concerning the merits of the case that could have been raised on appeal.'" *Allen v.*

*P.E. Techs., Inc.*, 2010-Ohio-3878, ¶ 21 (8th Dist.), quoting *Bonde v. Bonde*, 2009-Ohio-2135, ¶ 8 (8th Dist.).

{¶ 22} Nonetheless, appellants attempted to recast their claims and asserted that "even if [the Cortright letter] was not a contract, the Letter should have been given effect as a lifetime gift of a preemptive right" or "right of first refusal." However, the trial court found the cases relied on by appellants are distinguishable. *See Davis v. Iofredo*, 127 Ohio App.3d 367 (8th Dist. 1998) (involving a written contract between the parties); *Natl. City Bank v. Welch*, 2010-Ohio-2981 (10th Dist. 1998) (involving a deed restriction); *Schafer v. Deszcz*, 120 Ohio App.3d 410 (6th Dist. 1997) (involving a deed restriction). Likewise, the cases cited by appellants on appeal are distinguishable. Indeed, none of the authority or evidence upon which appellants rely shows that they have a potentially meritorious claim in this matter.

{¶ 23} The probate court properly found appellants failed to establish grounds for relief pursuant to Civ.R. 60(B). Additionally, appellants did not demonstrate the existence of a potentially meritorious claim. Accordingly, we find no abuse of discretion by the probate court in denying appellants' motion for relief from final judgment. The second assignment of error is overruled.

{¶ 24} We are not persuaded by any other argument presented by appellants in this matter. Summary judgment in favor of appellees is warranted, and appellants are not entitled to relief from judgment.

{¶ 25} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, probate division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, J., CONCURS;
LISA B. FORBES, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

LISA B. FORBES, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 26} I write separately because I would limit the analysis of the Appellants' first assignment of error — that "the Probate Court erred as matter of law by granting summary judgment to the defendant-Appellants" — to the analysis found in paragraph 16 of the majority's opinion. That is, "[i]f the offer does not prescribe a time limit for acceptance, it must occur within a reasonable time . . . ." *Univ. of Toledo Chapter of Am. Assn. of Univ. Professors v. Univ. of Toledo,* 2013-Ohio-1517, ¶ 7 (Ct. of Cl.), citing Restatement of the Law 2d, Contracts, § 41 (1981). The Restatement provides:

> (1) An offeree's power of acceptance is terminated at the time specified in the offer, or, if no time is specified, at the end of a reasonable time.

> (2) What is a reasonable time is a question of fact, depending on all the circumstances existing when the offer and attempted acceptance are made.

Restatement 2d of Contracts, § 41. Moreover, "It is a fundamental rule of contract law that an offer cannot be accepted after the death of the offeror because the death of the offeror revokes the offer." *Lewis v. Motorists Ins. Co.,* 96 Ohio App.3d 575, 584 (8th Dist. 1994), citing *Wallace v. Townsend*, 43 Ohio St. 537 (1885); 17 Ohio Jur.3d, Contracts, § 23, at 455-456 (1980); Restatement of the Law 2d, Contracts, § 48 (1982).

{¶ 27} Here the Cortright letter that forms the supposed contract purports to be dated June 15, 2006. The Appellants do not claim to have accepted the offer until June 25, 2023, after the deaths of both Floyd and Madelon. Based on the undisputed facts, I would find that the 17-year lapse in time coupled with the deaths of the offerors before Appellants attempted to communicate their acceptance of the offer was not reasonable or effective to create a valid or enforceable contract.

{¶ 28} I concur in judgment only with the remainder of the majority's opinion.